United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 26, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 06-50010
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTONIO LARICO SMITH,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-32
--------------------

Before REAVLEY, WIENER and DENNIS, Circuit Judges.

PER CURIAM:*

Antonio Larico Smith appeals the sentence imposed following
his jury-trial conviction for possession with intent to
distribute five grams or more of cocaine base. Smith argues that
the district court clearly erred by applying a two-level
enhancement pursuant to U.S.S.G. § 2D1.1(b)(1) for his possessing
a dangerous weapon during the commission of his offense. The
evidence at sentencing showed that a police officer saw Smith in
possession of a gun at the motel where he later was found in
possession of cocaine base and distributing cocaine base. There

_____

* Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was also evidence that Smith had sold cocaine on the night that he was seen with the gun and that he had previously been seen with a gun while conducting drug trafficking activity. The Government established that a temporal and spatial relation existed between the gun, the drug trafficking activity, and Smith, and Smith did not show that it was clearly improbable that the gun was not possessed in connection with his drug trafficking. See United States v. Eastland, 989 F.2d 760, 770 (5th Cir. 1993). The district court did not clearly err by applying the enhancement. See id.

Smith argues that his sentence was unreasonable because it was greatly enhanced by relevant conduct found by the district court by a preponderance of the evidence and supported by unreliable testimony. In connection with this argument, he asserts, for the first time on appeal, that the relevant conduct so greatly increased the drug quantity for which he was held responsible that it constituted a situation where the relevant conduct was the tail that wagged the dog of the substantive offense, and the district court should have required clear and convincing evidence to support the relevant conduct. Because Smith did not raise this argument below, we review for plain error. See United States v. Alvarado-Santilano, 434 F.3d 794, 795 (5th Cir. 2005). No precedent would support this contention.

As the sentenced imposed was within the properly calculated guidelines range, it was presumptively reasonable. See United

States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006). To the extent that Smith argues that United States v. Booker, 543 U.S. 220 (2005), requires a greater burden of proof at sentencing than before, he is incorrect. See United States v. Mares, 402 F.3d 511, 519 (5th Cir.) (citing Booker, 543 U.S. at 233, 259-60), cert. denied, 126 S. Ct. 43 (2005). Smith has not rebutted the presumption of reasonableness, and, therefore, not shown that his sentence was unreasonable. See Alonzo, 435 F.3d at 554.

AFFIRMED.